**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| LEONARD DIXON, JR., | : | |
| Petitioner, | : | Case No. 3:04CV254 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| JESSE WILLIAMS, Warden, | : | |
| Allen Correctional Institution, | | |
| | : | |
| Respondent. | | |
| | : | |

## REPORT AND RECOMMENDATIONS[1]

### I.   INTRODUCTION

Petitioner Leonard Dixon, Jr., an inmate at the Allen Correctional Institution in Lima,

Ohio brings this case *pro se* seeking a writ of habeas corpus pursuant to 28 U.S.C. §2254.  Dixon

is currently serving a nine-year term of imprisonment following his plea of guilty to one count of

trafficking in cocaine in violation of Ohio Rev. Code §2925.03.  (Doc. #2 at 1).

This case is before the Court upon Dixon's Petition (Doc. #2), Respondent's

Memorandum (Doc. #7), Dixon's Motion For Leave To Supplement Habeas Corpus Petition

(Doc. #9), Respondent's Response In Opposition (Doc. #10), and the record as a whole.

### II.   BACKGROUND

In late August 2000, a Clark County, Ohio Grand Jury indicted Dixon on three counts of

---

[1]  Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

trafficking in cocaine.  (Doc. #7, Exhibit 2 at 1 and Exh. 6).  Dixon was arrested on August 29,

2000, pursuant to an arrest warrant.  (Doc. #7, Exhibit 2 at 1).

 In February 2001, before his trial, Dixon pled guilty to one count of trafficking.  The trial

judge sentenced him to a total term of imprisonment lasting fourteen years.  (Doc. #7, Exh. 2 at

3).

 Dixon filed a direct appeal.  On December 28, 2001, the Ohio Court of Appeals, Second

Appellate District sustained Dixon's First Assignment of Error, vacated his conviction and

sentence, and remanded to the trial court for further proceedings.  (Doc. #7, Exh. 1).

 On January 30, 2002, the trial judge again accepted Dixon's plea to one count of

trafficking.  (Doc. #7, Exh. 2 at 4).  The trial court's docket sheet notes on January 30, 2002,

"Ordered — Judgment entry with plea of guilty filed.  Volume #735 Page #211."  (Doc. #7, Exh.

2 at 4).  A document submitted by Respondent contains the notation "Vol 735 Pg 211."  (Doc.

#7, Exh. 6).  This document contains both the plea agreement, within which the parties agreed

Dixon would plead guilty to amended count 3 of the indictment and that the State of Ohio would

dismiss remaining counts.  (Doc. #7, Exh. 6 at 1, 3).  This document also states, "Parties agree to

9 years...."  (Doc. #7, Exh. 6 at 3).  The trial judge signed this document under a paragraph titled,

"Judgment Entry of Guilty."  (Doc. #7, Exh. 6 at 4).

 After this, according to Dixon, he "made every attempt for the State of Ohio and Clark

County to enter a judgment entry.  Petitioner was returned to prison without a judgment entry

which is required by law as part of the commitment papers.  Without those papers, the Ohio

Dept.  of Correction [is] forbidden to accept the Petitioner as a prisoner."  (Doc. #8, Memo. at 1).

But accept him in custody they did, and to his apparent frustration Dixon was unable to persuade

state officials "to correct their error."  *Id.*

       Consequently, on July 12, 2004, Dixon filed the instant case seeking a Writ of Habeas Corpus requiring his immediate release from state custody.  Dixon raises the following ground for relief in his Petition: "Petitioner is being confined under a Judgment/Commitment order that was vacated by the Ohio Second District Court of Appeals."  (Doc. #2 at 5).  Dixon explains in pertinent part:

> Defendant was originally convicted in Clark County Case No. 00Cr0494[.]  On Appeal the Second District Appeals Court vacated the conviction and remanded ... to the trial Court.  Defendant was conveyed from a[n] Ohio prison to the Clark County Jail.... Petitioner entered into a Negotiated Plea, and when the term[s] of that agreement were made known[,] the trial Court approved.

> Petitioner was returned to a[n] Ohio prison, without sentenced being imposed; without a Judgment/Commitment Order.  The Respondent has continued to deny Petitioner access to access to Rehabilitation programs that are available to other inmates, and as justification, Respondent relied on the Judgment/Commitment order that had been vacated by the Appeals Court.... When Petitioner challenged that Order, the Respondent refused to reply, EVEN after being provided with the appeal Court decision.

(Doc. #2 at 5)(emphasis in original).

       In response to Dixon's Petition, Respondent filed a Memorandum and, among other documents, a copy of a letter from the Ohio Department of Rehabilitation and Correction, Chief of Bureau of Sentencing Computation.  (Doc. #7, Exh. 7).  This letter, dated September 8, 2004 – after Dixon filed the present case – states:

> I have recalculated the sentence of Leonard Dixon based on the Entry of January 30, 2002 (journal Vol. 735, page 211).  Mr. Dixon's calculation of his release date is based on a 9 year sentence from his Clark County conviction.  His release date as of today's date is August 19, 2009.

(Doc. #7, Exh. 7).

III.     DISCUSSION

   A.      Dixon's Contentions Lack Merit

Dixon contends that he is being held in violation of his constitutional rights to due process and speedy trial "by using a Judgment of conviction and sentence which has been vacated by the Second District Court of Appeals....  [N]o Judgment Entry was ever entered after the original judgment had been vacated by the Appellate Court."  (Doc. #2, Memo. at 11).

Dixon's constitutional claims lack merit because the records of his proceedings in the Ohio courts establish that he is presently serving a nine-year sentence.  This is so because the Court of Appeals vacated his first conviction and his fourteen-year sentence, and remanded his case to the Court of Common Pleas for further proceedings.  *See* Doc. #8, Exh. A.  On remand, the trial judge signed the Judgment Entry, which is attached to the plea agreement wherein the parties agreed to a nine-year sentence.  *See* Doc. #8, Exh. B at 3-4.  The docket sheet from the Court of Common Pleas establishes that this Judgment Entry was filed on January 30, 2002.  *See* Doc. #7, Exh. 2 at 4.  Consequently, Dixon's allegation that no Judgment Entry was ever entered concerning his plea and nine-year sentence is incorrect.

Any doubt about the effectiveness of the trial judge's Judgment Entry is dispelled by the undisputed fact that the Ohio Department of Rehabilitation and Correction has recalculated Dixon's nine-year sentence.  *See* Doc. #8, Exh. 7.  Dixon now has in his possession a document written by the Ohio official responsible for computing his sentence.  This document states that Dixon's release date is August 19, 2009 based on a nine-year sentence.  *Id*.  The undisputed facts therefore show that Dixon is currently in state custody based on the nine-year sentence imposed by the trial judge's Judgment Entry of January 30, 2002.

4

Additionally, because Dixon was originally arrested in August of 2000, it appears that state officials have now correctly computed and applied Dixon's nine-year sentence.

Accordingly, for the above reasons, Dixon has not shown a violation of his constitutional rights to due process or a speedy trial.

Dixon further contends that he is being unlawfully detained "as no commitment records are on file giving Respondent authority to restrain Petitioner as required by Ohio Statutory Provision and Ohio Department of Rehabilitation and Correction's Administrative Code...." (Doc. #2, Memo. at 10).  This contention fails to show that Dixon is entitled to habeas corpus relief because at most it demonstrates that state officials have not complied with state statutory or administrative law.  Such claims are not cognizable in a federal habeas corpus case under §2254.  *See* 28 U.S.C. §2241(a), (c)(3); *see also Pulley v. Harris*, 465 U.S. 37, 41 (1984).  "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief."  *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994).  The failure of Ohio officials to file a commitment Order in Dixon's case does not reveal any fundamental unfairness, particularly since Ohio officials have now confirmed that he is presently serving a nine-year sentence.  At most Dixon has shown that Ohio officials did not recalculate his proper sentence until he brought the instant case.  While it is understandable that Dixon is concerned about Ohio official's possible intent to force him to serve his original fourteen-year sentence, he now has a document from the Ohio Department of Rehabilitation and Correction stating that he is serving a nine-year sentence, and that he is scheduled to be released on in August 2009. (Doc. #8, Exh. C).  Consequently, Dixon not shown that state officials have misapplied Ohio sentencing laws in a fundamentally unfair manner.

Accordingly, Dixon's Petition for a Writ of Habeas Corpus lacks merit.

**B.    Dixon's Motion For Leave To Supplement Petition**

Dixon seeks an Order granting him leave to Supplement his Petition to add a Ground for Relief under *Blakely v. Washington*, 542 U.S. __, __, 124 S.Ct. 2531, 2534-38 (2004)(state defendant's sentence enhanced under state sentencing guidelines in violation of Sixth Amendment when enhancement based on trial judge's finding by a preponderance of evidence that kidnapping committed with deliberate cruelty).

Respondent argues that Dixon should be denied leave to supplement his traverse with a Ground for Relief under *Blakely* in part because *Blakely* does not apply retroactively to cases on collateral review, such as Dixon's case.  This contention is well taken.  "Regardless of whether *Blakely* established a 'new rule of constitutional law' within the meaning of [28 U.S.C.] §2254(b)(2)(A)..., the Supreme Court has not declared *Blakely* to be retroactive to cases on collateral review....  Moreover, no combination of cases necessarily dictate retroactivity of the *Blakely* decision....  *Blakely* itself was decided in the context of a direct appeal, and the Supreme Court has not since applied it to a case on collateral review.  In fact, the Supreme Court has strongly implied that *Blakely* is not to be applied retroactively...."  *In re Dean*, 375 F.3d 1287, 1290 (11th Cir. 2004)(citations omitted); *see Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005)(*United States v. Booker*, __ U.S. __ 124 S.Ct. 738 (2005) not retroactive); *see also Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1246  (9th Cir. 2005).

Accordingly, because Dixon's Motion for Leave to Supplement his Petition is based on a *Blakely* claim that may not be applied retroactively in the federal habeas case under §2254, his Motion lacks merit.

**C.**     **Certificate of Appealability**

Before a petitioner may take an appeal from a denial of a petition for a writ of habeas corpus, he or she must first obtain a certificate of appealability. 28 U.S.C. §2253(c)(1)(A). To obtain a certificate of appealability when a petition is denied on the merits, the petitioner must make a substantial showing of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This is accomplished by showing that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack*, 529 U.S. at 484 (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 (1983)).

If the District Court dismisses the petition on procedural grounds without reaching the constitutional questions, the petitioner must show that jurists of reason would find it debatable whether the District Court is correct in its procedural ruling. *Slack*, 529 U.S. at 484. The procedural issue should be decided first so as to avoid unnecessary constitutional rulings. *Slack*, 529 U.S. at 485 (citing *Ashwander v. TVA*, 297 U.S. 288, 347, 56 S. Ct. 466, 80 L. Ed. 688 (1936)(Brandeis, J., concurring)).

In the instant case, the conclusion that Dixon's constitutional claims lack merit and the conclusion that Dixon's state-law claims are not cognizable in this case are not debatable by jurists of reason. Dixon's Petition and contentions do not otherwise present issues adequate to deserve encouragement to proceed further.

Accordingly, Dixon should not be granted a certificate of appealability under 28 U.S.C. §2253(c)(1).

**IT IS THEREFORE RECOMMENDED THAT:**

1.      Leonard Dixon, Jr.'s Petition for a Writ of Habeas Corpus be DENIED;

2.      Dixon's Motion for Leave to Supplement Habeas Corpus Petition (Doc. #9) be DENIED;

3.      Dixon not be granted a certificate of appealability under 28 U.S.C. §2253(c)(1); and

4.      This case be terminated on the docket of the Court.


October 11, 2005

                                              s/ Sharon L. Ovington
                                              Sharon L. Ovington
                                              United States Magistrate Judge

8

**NOTICE REGARDING OBJECTIONS**

      Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

      Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).